Dear Superintendent Whitford:
One of the questions you asked in La. Atty. Gen. Op. No. 93-147 was whether a local school board has authority to impose "the same mandatory penalty for simple possession [of controlled dangerous substances] as for possession with intent to distribute pursuant to Act 909 of 1990." (Emphasis added.) The response given in Louisiana Attorney General Opinion No. 93-147 was correct in that the School Board is not required to expel and may not mandate the expulsion of a student for simple possession of a controlled dangerous substance but is required to expel a student for distribution of or possession with intent to distribute narcotics pursuant to La. R.S.17:416(C)(2)(a)(ii). However, in response to questions concerning Atty. Gen. Op. No. 93-147, our office deems it necessary to issue this supplemental opinion for clarification purposes.
La. R.S. 17:416(B)(1)(a) provides for the discretionary expulsion of a student who is found to be in possession of any controlled dangerous substance. This statute provides, in pertinent part, as follows:
 Any student after being suspended for committing any of the offenses enumerated in this section may be expelled upon recommendation by the principal of the public school in which said student is enrolled, which recommended expulsion shall be subject to the provisions of Subsection C. (Emphasis added.)
La. R.S. 17:416(A)(1)(a)(vi) gives a school principal discretion to suspend a student from attending school or riding a school bus if the pupil "[u]ses . . . or possesses . . . any controlled dangerous substance governed by the Uniform Controlled Dangerous Substance Law. . . ." Additionally, La. R.S. 17:416 provides, in pertinent part, as follows:
 Upon the recommendation by a principal for the expulsion of any student as authorized by Subsection B hereof, a hearing shall be conducted by the superintendent or by any other person designated so to do by the superintendent. Upon the conclusion of the hearing, the superintendent, or his designate, shall determine whether such student shall be expelled from the school system or if other corrective or disciplinary action shall be taken.
Thus, a local school board may, within its discretionary powers, expel a student who has been suspended for possessing any controlled dangerous substance, whether the possession would be considered either a misdemeanor or a felony, only after receiving a recommendation from the principal of the public school. It is also important to note that Subsection D of La. R.S. 17:416 provides that "[t]he conviction of any student of a felony or the incarceration of any student in a juvenile institution for an act which had it been committed by an adult, would have constituted a felony, shall be cause for expulsion of the student . . ." (Emphasis added.)
Thus, it is the opinion of this office that a principal may recommend expulsion of a student who has been suspended for simple possession of a controlled dangerous substance. Once such a recommendation is made, a hearing shall be conducted by the superintendent of the local school board whereby a student may be expelled from the school system or other disciplinary action may be imposed. This is a purely discretionary function as opposed to the mandatory penalty of expulsion for possession with intent to distribute a controlled dangerous substance as addressed in Louisiana Attorney General Opinion No. 93-147. In addition, it shall be cause for expulsion if a student is convicted of a felony as discussed above.
I hope this opinion sufficiently clarifies any issues raised by La. Atty. Gen. Op. No. 93-147. If our office may be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: KAREN L. GODWIN Assistant Attorney General
RPI/KLG/rda